# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN COIT** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 23-CV-5118 |
| | : | |
| **R. MARSH**, *et al.*, | : | |
| *Defendants* | : | |

## MEMORANDUM OPINION

NITZA I. QUIÑONES ALEJANDRO, J.                                                                  AUGUST 30, 2024

**I.     INTRODUCTION**

Currently, before the Court is an Amended Complaint ("AC"), (ECF 14), filed *pro se* by Plaintiff Kevin Coit, a convicted prisoner currently incarcerated at SCI Houtzdale.  The AC, filed pursuant to 42 U.S.C. § 1983, asserts violations of Coit's constitutional rights against the following Defendants:  R. Marsh; T. Furguson; L. Malichaik; B. Schnider; J. Sorber; V. Funrak; M. Sipple; C. Hensley; and A. Glushakow.  (AC, ECF 14, at pp. 2-5).  For the reasons set forth, Coit's claims against J. Sorber, V. Funrak, M. Sipple, and C. Hensley are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Coit's First Amendment retaliation claims against R. Marsh, T. Furguson, L. Malichaik, B. Schnider, and A. Glushakow will be served for a responsive pleading.

**II.    PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS**[1]

The gravamen of Coit's original Complaint was that he was improperly placed on the Behavioral Management Unit ("BMU") in several correctional facilities for a 14-month period in

---

[1] The allegations set forth in this Memorandum are taken from Coit's AC.  (ECF No. 14.)  The Court adopts the pagination supplied by the CM/ECF docketing system.

2022 and 2023 in violation of his Fourteenth Amendment due process rights, and that while housed on the BMU, he experienced conditions that violated his Eighth Amendment rights. *Coit v. Marsh*, 2024 WL 1604598 at *1 (E.D. Pa. April 12, 2024.) He asserted individual and official capacity claims against the same Defendants he again names in the AC. *Id.* Upon statutory screening of the Complaint, the Court dismissed Coit's official capacity claims with prejudice, and dismissed the remainder of his claims for failure to state a claim. *Id.* The Court noted that Coit's allegations left unclear at which institution the conduct upon which he bases his claims occurred, and he did not describe which Defendants engaged in what conduct that resulted in the alleged constitutional violations. *Id.* at *5. Coit was granted leave to file an amended complaint. His AC is now ripe for screening.

In his AC, Coit asserts that he was placed on the BMU at SCI Frackville and SCI Rockview at the direction of the named Defendants in retaliation for filing and settling a lawsuit against a Department of Corrections employee. (AC, ECF 14, at p. 13). He alleges that while so housed, he experienced atypical conditions of confinement that violated his constitutional rights. (*Id.* at p. 9).

Coit alleges that on March 18, 2022, he met with PRC[2] members Funrak, Sipple, Hensley, and Glushakow, who told Coit that he was being recommended for a BMU placement.[3] (*Id.* at p. 7). Coit alleges that he informed these Defendants that he intended to appeal the placement decision, and they responded that his appeal would be denied. (*Id.*). He appealed the placement decision, but alleges he never received a response. (*Id.*). Not having received a response to his appeal, in April 2022, Coit allegedly appealed the placement decision to Defendant Sorber. (*Id.*).

---

[2] Coit does not explain this acronym, but it appears to mean "Program Review Committee."

[3] Coit does not allege where this meeting occurred. Upon initial screening, the Court inferred that the meeting took place at SCI Phoenix, because Coit identified Defendants Sorber, Funrak, Sipple, Hensley, and Glushakow as employees of SCI Phoenix. *Coit*, 2024 WL 1604598, at *5 (citations omitted).

Sorber denied that appeal as premature, allegedly telling Coit he needed to wait for the placement decision to be made before he appealed. (*Id.*).

Also, in April 2022, Coit alleges he met with Defendants Furguson, Marsh, Malichaik, and Schnider for BMU placement. (*Id.*). Coit alleges he verbally appealed the placement on the ground that he did not meet the criteria. (*Id.*). In response, Marsh allegedly stated, "Did you think we would let you win that lawsuit that easily? You should have just accepted it. I don't care what you have to say I am putting you back into the BMU. This is for Fisher[4] so you should know the DOC always wins. We feel you meet the BMU criteria, so we are putting you back into the BMU." (*Id.* at pp. 7-8). Coit alleges that between his initial meeting with the PRC Defendants on March 18, 2022, and May 16, 2022, he submitted multiple appeals of the BMU placement and never received a response. (*Id.* at p. 8). On May 16, 2022, Coit was allegedly transferred to SCI Frackville. (*Id.* at p. 9).

Coit alleges that on an unspecified date, Defendants Marsh and Furguson issued a memo stating that if Coit misbehaved in any way, he was to be sprayed with "O/C,"[5] and that, as a result, he was sprayed on August 9 and 10, 2022 while at SCI Frackville. (*Id.* at p. 10). Coit further alleges that on August 15, 2022, Defendants Marsh, Furguson, Glushakow, Malichaik, and Schnider prepared a memo that authorized personnel at SCI Frackville to remove him from the BMU and place him in a hard cell with a metal bedframe, with no water, heat, food, clothing, mattress, sheets, showers, yard or exercise, visits, mail, or mental health programming, and that he remained in these conditions from August 15, 2022, through December 10, 2022, while housed at SCI Frackville. (*Id.* at p. 11). Coit alleges that he was transferred from SCI Frackville to SCI

---

[4]  On page 13 of the AC, Coit refers to his "settlement of Coit v. Fisher" and attributes the named Defendants' conduct to that settlement. (AC, ECF 14, at p. 13). The Court infers that this refers to a lawsuit Coit filed against a Department of Corrections employee.

[5]  The Court understands Coit to refer to oleoresin capsicum, a type of pepper spray.

Rockview on February 1, 2023. (*Id.* at p. 9). There, on or about May 23, 2023, and again allegedly as a result of a memo prepared by Defendants Marsh, Furguson, Malichaik, and Schnider, he was placed in a hard cell under conditions similar to those he experienced while in a hard cell at SCI Frackville, and that he remained there until December 24, 2023. (*Id.* at pp. 11-12).

Coit concedes that he had incurred one misconduct at the time of the BMU placement, but asserts that assigning him to the BMU from May 16, 2022, through October 10, 2023, was disproportionate. (*Id.* at p. 9). As noted, Coit himself appealed the placement several times, unsuccessfully. (*Id.* at pp. 7, 9). He asserts that others, too, challenged the placement. Coit alleges that in August 2022, non-Defendant SCI Frackville employees Wegranywicz, Wentzel, R. Boyce, Wynder, Kephart, O'Mara, and K. Britton submitted a request that Coit be removed from the BMU because he did not meet the criteria for that placement, but that the request was denied. (*Id.* at p. 8). They repeated the request in October 2022, and it appears it was again denied. (*Id.*). It was not until May 24, 2023, that Defendant Malichaik allegedly told unidentified individuals at SCI Rockview that Coit was not fit for BMU placement. (*Id.*). On October 10, 2023, the named Defendants allegedly conceded that Coit did not meet the criteria for BMU placement and "failed" him from the BMU.[6] (*Id.* at p. 12).

Coit claims that as a result of his long-term placement on the BMU and in hard cells at SCI Frackville and SCI Rockview, he has experienced weight loss, sleeplessness, pain, chipped teeth, a deterioration of his mental health, post-traumatic stress disorder, anxiety, hallucinations, headaches, and asthmatic attacks resulting from exposure to pepper spray. (*Id.* at pp. 12, 14). He seeks money damages. (*Id.* at p. 14).

---

[6] This allegation is at odds with Coit's claim elsewhere that he remained on the BMU until December 24, 2023. (*See* AC, ECF 14, at pp. 11-12).

## III. STANDARD OF REVIEW

This Court has already granted Coit leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this Court is required to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Coit is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## IV. DISCUSSION

Coit's AC is best understood as asserting First Amendment retaliation claims.[7] The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

---

[7] In his AC, Coit includes allegations describing what he terms atypical conditions of confinement. However, Coit experienced these conditions at SCI Frackville and SCI Rockview, located in Schuylkill and Centre Counties, respectively, which are both in the Middle District of Pennsylvania. Moreover, though he identifies employee of both facilities in his AC as responsible for his placement in those conditions of confinement, he does not assert claims against them in the AC. The Court thus understands Coit's AC to include descriptions of the conditions he allegedly experienced to represent injuries resulting from the alleged retaliatory conduct of the named Defendants.

5

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'") (quoting *Rode*, 845 F.2d at 1207). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### A. First Amendment Retaliation Claims

Coit claims that Defendants Marsh, Furguson, Malichaik, and Schnider ordered his placement on the BMU in retaliation for his filing and settling a lawsuit against a Department of Corrections employee. (AC, ECF 14, at p. 13). He also claims that Defendants Marsh and Furguson prepared a memo authorizing the use of pepper spray as a punishment and that Defendants Marsh, Furguson, Glushakow, Malichaik, and Schnider prepared memos directing his placement in a hard cell while he was housed at SCI Frackville and SCI Rockview. (*Id.* at pp. 10-12). The Court infers that these memos were part of these Defendants' alleged efforts to retaliate against Coit based on his litigation activity.

In order to state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (*per curiam*). "An adverse

6

consequence 'need not be great in order to be actionable[;]' rather, it need only be 'more than *de minimis*.'" *Watson v. Rozum*, 834 F.3d 417, 423 (3d Cir. 2016) (quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)) (alterations in original). "[B]eing placed in lockdown, being moved to restricted housing, and being issued misconduct charges are more than '*de minimis*' adverse actions." *See Palmore v. Hornberger*, 813 F. App'x 68, 70 (3d Cir. 2020) (*per curiam*) (quoting *McKee*, 436 F.3d at 170); *see also Mitchell*, 318 F.3d at 530-31 ("Mitchell's allegation that he was falsely charged with misconduct in retaliation for filing complaints against Officer Wilson implicates conduct protected by the First Amendment.").

As alleged, Coit engaged in a constitutionally protected activity when he filed a lawsuit against a prison official. *See Whitney v. Wetzel*, 649 F. App'x 123, 126 (3d Cir. 2016) (A prisoner's ability to file grievances and lawsuits against prison official is a constitutionally protected activity for purposes of a retaliation claim."). As further alleged, the named Defendants, *inter alia*, assigned him to the BMU and told him that they were doing so in retaliation for filing a lawsuit against "Fisher." In light of these allegations, Coit has stated a plausible retaliation claim against Defendants Marsh, Furguson, Malichaik, and Schnider, who were present at the meeting at which the alleged retaliatory action was disclosed to Coit, and against Glushakow, who participated in the preparation of a memo directing Coit's placement in a hard cell, which the Court infers to be part of the alleged retaliatory scheme. Coit's retaliation claim will be served upon these Defendants for a responsive pleading.

      **B.**    **Claims Against Sorber, Funrak, Sipple, and Hensley**

Coit alleges that he met with Defendants Funrak, Sipple, Hensley, and Glushakow in March 2022, and that they advised him at that time that he would be placed on the BMU and any effort to appeal the placement would be denied. (AC, ECF 14, at p. 7). He does not allege that Defendants Funrak, Sipple, or Hensley participated any further in his placement on the BMU, or

7

that they participated in crafting the memos allegedly authorizing the use of pepper spray as a punishment or his placement in a hard cell. (*See* AC, ECF 14). He does not allege that they were present at the April 2022 meeting at which Marsh allegedly divulged the retaliatory nature of the decision to place Coit on the BMU. Defendant Sorber allegedly denied Coit's appeal of the BMU placement as premature. (*Id.* at p. 7). There are no further factual allegations in the AC describing whether or how he participated in Coit's placement on the BMU or alleging that he participated in crafting the memos allegedly authorizing the use of pepper spray as a punishment or Coit's placement in a hard cell. (*See* AC, ECF 14). In these circumstances, Coit has not plausibly alleged that these Defendants had personal involvement in the alleged retaliatory conduct giving rise to his claims. *See Rode*, 845 at 1207); *Dooley*, 957 F.3d at 374. As Coit has already been given an opportunity to cure the defects in his claims against Defendants Funrak, Sipple, Hensley, and Sorber and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, 2022 WL 17248100, at *2 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("because Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper."). Coit's claims against these Defendants will be dismissed with prejudice.

## V.     CONCLUSION

For the reasons set forth, the Court will dismiss Coit's claims against J. Sorber, V. Funrak, M. Sipple, and C. Hensley with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Coit's First Amendment retaliation claims against R. Marsh, T. Furguson, L. Malichaik, B. Schnider, and A. Glushakow will be served for a responsive pleading. An appropriate order follows, which shall be docketed separately.

*NITZA I. QUIÑONES ALEJANDRO, J.*